UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

Plaintiff,

v.

SACRAMENTO POLICE DEPARTMENT,

Defendant.

No. 2:15-cv-1832 GEB AC P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has neither paid the filing fee for this action nor requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

> granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Section 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

The court takes judicial notice[1] of the national pro se "three strikes" database,[2] which indicates that plaintiff has brought more than three cases that qualify as strikes and has a three strikes order in the United States District Court for the Eastern District of California. Upon inspection of the cases identified in the "three strikes" database and other cases filed by plaintiff in the Eastern District of California, this court has identified well over three cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff in the United States District Court for the Eastern District of California[3]:

- Weaver v. California Correctional Institution, 1:06-cv-00671-OWW-SMS (dismissed for failure to state a claim and as frivolous on July 15, 2006)

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

[3] According to this court's records, since 2004, plaintiff has filed over 170 cases in the Eastern District of California. Given the volume of cases filed by plaintiff, the court has not reviewed all of his previous cases and this list is likely not complete.

- Weaver v. California Correctional Institution, 1:06-cv-00775-OWW-LJO (dismissed for failure to state a claim and as frivolous on July 15, 2006)
- Weaver v. California Correctional Institution, 1:06-cv-00429-AWI-SMS (dismissed for failure to state a claim and as frivolous on September 12, 2006)
- Weaver v. Tehachapi Confinement SHU, 1:06-cv-00341-AWI-LJO (dismissed for failure to state a claim on September 28, 2006)
- Weaver v. California Correctional Institution, 1:06-cv-01208-OWW-LJO (dismissed as frivolous and malicious on October 3, 2006)
- Weaver v. California Correctional Institution, 1:06-cv-01210-OWW-LJO (dismissed as frivolous and malicious on October 3, 2006)
- Weaver v. Attorney General, 2:14-cv-01132-JAM-DAD (dismissed as frivolous on October 22, 2014)
- Weaver v. Connelly, 2:14-cv-01800-MCE-AC (dismissed for failure to state a claim on November 18, 2014)
- Weaver v. Davisson, 2:14-cv-01906-MCE-DAD (dismissed for failure to state a claim on September 29, 2014)

All of the preceding cases were dismissed well in advance of the August 26, 2015 filing of the instant action, and those which were appealed did not result in any of the strikes being overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

In other words, plaintiff cannot proceed in this action without paying the filing fee up front unless he was "under imminent danger of serious physical injury." Plaintiff has not alleged any facts which suggest that he was under imminent danger of serious physical injury at the time he filed his complaint. In his putative complaint, plaintiff seeks damages to compensate him for

the violation of his constitutional rights and mental anguish he suffered by being "falsely arrested" and "held in jail for something he did not do." ECF No. 1 at 3-4. There is no indication that plaintiff was in "imminent danger of serious physical injury" at the time he filed his complaint. Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff be barred from seeking to proceed in forma pauperis and be required to submit the required filing fee of $350.00 plus the $50.00 administrative fee within twenty-one days of adoption of these findings and recommendations. Failure to pay the fees will result in dismissal of the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE